# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **MICHELLE SHOEMAKER and LINDA WHITAKER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction**<br><br>**Defendant.** | **Case No. 3:26-cv-00367**<br><br>**Judge Richardson** |

---

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR SCREENING ORDER PURSUANT TO 28 U.S.C. §1915A AND CORRESPONDING EXTENSION OF TIME TO RESPOND TO COMPLAINT

---

Defendant Frank Strada, in his official capacity as Commissioner of the Tennessee Department of Correction, respectfully requests screening of the Plaintiffs' complaint[1] as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Because Commissioner Strada cannot properly or effectively answer the complaint until a screening order has been issued, he also asks the Court to extend the deadline for responsive pleadings for 21 days after the Court issues its screening order.

Under the PLRA, district courts "shall" screen "complaints in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."

---

[1] Plaintiffs Shoemaker and Whitaker filed similar suits related to their JPay tablet claims in the Tennessee Claims Commission before filing this federal lawsuit. *See* Ex. 1, Compl., *Michelle Shoemaker v. State of Tennessee*, Claim no. 20263193-1 (Tenn. Claims Comm.).; Ex. 2, *Linda Whitaker v. State of Tennessee*, Claim no. 20263194-1 (Tenn. Claims Comm.).

1

28 U.S.C. § 1915A(a). Plaintiffs in this civil suit are prisoners in the Tennessee Department of Corrections, and they have sued Frank Strada, the Commissioner of the Tennessee Department of Corrections, in his official capacity, so the screening provision of Section 1915A applies.

Plaintiffs' retention of counsel and payment of the filing fee does not obviate the need for a screening order. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Indeed, the Sixth Circuit's administrative order implementing the PLRA confirms that district courts must screen these types of suits, even when filed by an attorney. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners."). And district courts across the Sixth Circuit have consistently followed this directive, even in suits where inmates were represented by counsel and had paid the full filing fee. *See, e.g.*, *Clark v. Kentucky Dep't of Corr.*, No. 3:18CV-257-JHM-CHL, 2018 WL 3118688, at *1 (W.D. Ky. June 25, 2018).

**LOCAL RULE 7.01 CERTIFICATION**

The undersigned counsel for Commissioner Strada certifies that she has conferred with opposing counsel prior to filing this motion pursuant to Local Rule 7.01. Opposing counsel plans to oppose this motion.

**CONCLUSION**

Without a screening order identifying which claims, if any, survive review, Commissioner Strada cannot properly or efficiently answer the complaint. Accordingly, Commissioner Strada asks this Court to screen the complaint and extend his current June 5, 2026, deadline to 21 days after the Court issues its screening order.

 Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via the Court's PACER service on this 4rth day of June, 2026, to:

Kyle Mothershead
Relentless Advocacy PLLC
7000 Executive Center Drive
Suite 240
Brentwood, TN 37027
(615) 891-3901
kyle@relentlesslaw.com

Thomas B. Harvey
Law Office of Thomas B. Harvey
365 E. Avenida de Los Arboles #226
Thousand Oaks, CA 91360
tbhlegal@proton.me
(805) 768-4440

Akeeb Dami Animashaun
355 S. Grand Ave, Suite 2450
Los Angeles, California 90071
dami@animashaun.me
(929)-266-3971
*Counsel for Plaintiffs*

s/ *Hollie R. Parrish*___
Hollie R. Parrish

4